UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATOYA HUNTER-FORD,

    Plaintiff,

v.

VISTEON CORP. and UAW LOCAL 228,

    Defendants.
                                        /

Case No. 2:08-cv-13972

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
(document no. 7)**, DISMISSING COMPLAINT AS TO LOCAL 228**

*Pro se* plaintiff, Latoya Hunter-Ford, was an employee of defendant Visteon Corporation, and a member of defendant UAW Local 228.  She was fired for allegedly starting a fight with another employee.  She sued both defendants in the Circuit Court of Oakland County, Michigan on July 31, 2008 and the case was later removed.  In her complaint, she alleges that Defendants are liable for a physical injuries inflicted on her by a co-worker, and for firing her in retaliation for exercising her constitutional rights. Defendants filed separate motions to dismiss.  On June 4, 2009, as a result of bankruptcy, the Court stayed proceedings as to Visteon and terminated its motion to dismiss.  For the reasons stated below, the Court grants UAW Local 228's Motion to Dismiss (docket no 7) and dismisses with prejudice the complaint as to Local 228.

**I.   FACTS**

The following facts are taken generally from Hunter-Ford's complaint (docket no. 1) and "Motion Not to Dismiss" / Response to Order to Show Cause (docket no. 15).  Hunter-Ford was employed by Visteon from August 26, 1996 through October 12, 2001.  She worked as a Manufacturing Technician in the company's Sterling Heights, Michigan plant.

She was a member of The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), Local 228, the collective bargaining representative for the workers at the Sterling Heights plant.

Hunter-Ford alleges that during her employment with Visteon she was sexually harassed on multiple occasions by two male supervisors. Apparently, these men inappropriately touched Hunter-Ford from behind, tried to kiss her, requested dates, and made various offensive sexual comments. Hunter-Ford allegedly filed two sexual harassment complaints against Visteon for these offenses. The record includes one complaint filed on April 25, 2001. Other Visteon supervisors allegedly told Hunter-Ford they were "out to get her." Hunter-Ford alleges both Visteon and the Local 228 are liable for failing to protect her from the harassment after having knowledge of its occurrence, provide a non-hostile work environment, as well as for failing to enforce a "Zero Tolerance" policy under some unidentified contract.

On January of 2001, Hunter-Ford applied for, and was granted, medical leave. On October 12, 2001, Hunter-Ford returned to the plant to hand in her "return to work" papers. While waiting for her supervisor, another female employee allegedly began attaching her because of "unrelated problems." The other employee apparently attacked Hunter-Ford with an umbrella and hot welding pipe, severely burning Hunter-Ford. This attack apparently caused Hunter-Ford to lose her unborn child. The disciplinary report from the incident indicates Hunter-Ford started the fight on company property and was terminated forthwith. Hunter-Ford alleges rather, that she was terminated while on medical leave after the incident, and that Visteon failed to return her 401(k), bonus, and salary entitlements, and denied her medical benefits. Although not expressly stated, Hunter-Ford apparently alleges the Local 228 was somehow complicit in her termination.

Hunter-Ford unsuccessfully attempted to obtain her employment records through a phone call to Visteon. When she tried to obtain them in person, she was escorted of the premises. Months later, Hunter-Ford was arrested during a traffic stop for an outstanding warrant for Trespassing, apparently arising out of her attempt to obtain her employment records.

Local 228's motion to dismiss supplies additional undisputed facts setting forth the procedural history of the case. The day Hunter-Ford was fired, Local 228 filed a grievance on her behalf protesting her termination. Visteon denied the grievance at the first three steps of the grievance process, crediting numerous witnesses' statements that Hunter-Ford was the aggressor in the altercation with the co-worker. Although Local 228 initially appealed to the Umpire (the last step of the grievance process), it ultimately withdrew the grievance without prejudice before the Umpire issued a ruling.

On April 25, 2001, as referenced above, Hunter-Ford filed a charge of discrimination against Visteon with the Equal Employment Opportunity Commission ("EEOC") and Michigan Department of Civil Rights ("MDCR"), alleging Visteon discriminated against her on the basis of sex and disability. She later amended that charge on November 30, 2001 to include allegations regarding her termination. On March 12, 2002, Hunter Ford was given an Notice of Right to Sue from the EEOC requiring her to sue Visteon within 90 days of issuance, if at all. Hunter-Ford waited to sue until July 31, 2008, over six years later.

In addition, on December 21, 2002, Hunter-Ford filed a charge against Local 228 with the National Labor Relations Board ("NLRB"), alleging, among other things, that the Local 228 failed to file a grievance related to Hunter-Ford's complaints of sexual harassment and otherwise fight for her job, in violation 29 U.S.C. 158(b)(1)(A). The NLRB dismissed her charge as meritless on March 11, 2002.

## II. PROCEDURAL HISTORY

Hunter-Ford filed her lawsuit against Local 228 and Visteon in Circuit Court of Oakland County, Michigan on July 31, 2008. Hunter-Ford attempted to serve both defendants with process via certified mail on August 1, 2008, but this did not constitute proper service as to Local 228. Visteon received notice of the complaint on August 18, 2008 and removed to this Court on September 15, 2008. Although never properly served, Local 228 consented to the removal and filed its motion to dismiss under Fed. R. Civ. P. 12(b)(6). Visteon also filed a motion to dismiss under Rule 12(b)(6). Hunter-Ford did not respond to these motions.

The Court held a hearing on May 21, 2009 on the Motions to Dismiss. All parties attended, Hunter-Ford again appearing *pro se*. At the hearing, the Court indicated to Hunter-Ford that it would be in her best interest to retain an attorney. Hunter-Ford advised the Court she had the financial means to obtain an attorney, and in fact had already had three attorneys, but, for reasons unknown to the Court, they did not continue in the case against the defendants. At the conclusion of the hearing, the Court stated it would provide Hunter-Ford additional time to retain an attorney, and if she did, would consider extending the briefing schedule to allow counsel to file a response to the motions to dismiss. The Court also indicated it would provide Hunter-Ford with notice before ruling on the motions.

On June 4, 2009, the Court stayed proceeding as to Visteon pursuant to Visteon's petition for bankruptcy, and terminated its motion to dismiss. On August 27, 2009, after three months of inaction in the case, and having not received notice that Hunter-Ford had retained an attorney or otherwise having received a response to defendants' motions to dismiss, the Court issued an Order to Show Cause requiring Hunter-Ford demonstrate why her claims against Local 228 should not be dismissed for lack of prosecution (docket no.

14). On August 31, 2009, Hunter-Ford filed a "Motion Not to Dismiss" (docket no. 15) apparently in response to the Order to Show Cause and Local 228's motion to dismiss. This document restated the allegations in Hunter-Ford's initial complaint, and included additional evidence in support of the allegations. It did not indicate that Hunter-Ford was attempting to retain counsel, or respond to the legal arguments in Local 228's motion to dismiss. Local 228 construed Hunter-Ford's filing as a response to its motion to dismiss and filed a reply brief on September 15, 2009. Docket no. 16.

### III.   ANALYSIS

   A.   Standard for Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a district court to dismiss a complaint for "failure to state a claim upon which relief can be granted." The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as matter of law, the plaintiff is entitled to legal relief even if everything alleged in complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court).

The Court must presume all well-pleaded factual allegations in the complaint to be true, but the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true. *Bell Atl.*, 550 U.S. at 555. A motion to dismiss under Rule 12(b)(6) is appropriate for a challenge to the complaint on grounds that the statute of limitations has run or that the plaintiff has failed to exhaust his/her administrative remedies, because even if the allegations are taken as true, the cause of action fails as a matter of law. *See Garrish v. UAW*, 133 F. Supp. 2d 959, 965

(E.D. Mich. 2001) ("The Court must ... apply Rule 12(b)(6) to this case and ... dismiss the action as time barred if it appears from the face of the complaint that the statute of limitations prevents this suit.")

### B. Hunter-Ford's Claims Fail to State Claims upon Which Relief can be Granted

Although Hunter-Ford's pleadings are inartfully drafted, the Court has identified a number of possible causes of action Hunter-Ford could assert and will address them accordingly. *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Moreover, although the complaint does not expressly aver Local 228 was responsible for much of the alleged illegal conduct, the Court will construe the claims as alleged against Local 228 as well. *See id.*

The complaint vaguely alleges violations of the United States Constitution and federal statutes, breach of contract, and negligence arising from her alleged wrongful termination, sexual harassment, and denial of employment benefits after termination. Local 228 argues that no matter how characterized, the claims fail to state a valid claim for relief.

#### 1. Constitutional Claims

The complaint alleges the Local 228 violated Hunter-Ford's First and Fourteenth Amendment rights. The likely basis of this claim is that she was retaliated against by the Local 228 for the grievances she filed against her supervisors for sexual harassment in violation of her free speech rights. A claim of violation of constitutional rights is brought under 42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff must set forth facts that establish the deprivation of a right secured by the Constitution or laws of the United States, and must show the alleged deprivation was committed by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Although Hunter-

6

Ford's allegations, taken as true, likely establish she was retaliated against for exercising her right to free speech, she has not alleged her rights were deprived by any state actor. Local 228, the local representative branch of the UAW, is not a state actor.

Even assuming Hunter-Ford pleaded the Local 228 is a state actor, the claim is time-barred. Because no federal statute of limitations governs sec. 1983 actions, the Supreme Court has held that the appropriate statute of limitations to be applied in all section 1983 actions is the state statute of limitations governing personal injury actions. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). Michigan's has a three-year statute of limitations for personal injury actions accruing in Michigan. M.C.L.A. 600.5805(10).

Assuming Hunter-Ford's claim against the UAW arose on October 12, 2001, the day she was fired, for her complaint to be timely, she needed to file her complaint by October 12, 2004, which she did not. Therefore, assuming UAW is a state actor and the complaint otherwise states a claim for violation of Hunter-Ford's free speech rights, he claim is barred by the three year Michigan statute of limitations.

2. Federal Statutory Claims

The complaint further alleges that the Local 228's actions violated federal civil rights laws. The likely basis of this claim is that the Local 228 was, in some way, involved in the sexual harassment Hunter-Ford allegedly suffered while at work, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(c), which prohibits labor organizations from sexually discriminating against individuals in employment.

Assuming this is the statutory basis of her claim, it is barred on two grounds. There are prerequisites to bringing a Title VII action in federal court. *See Pucket v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989). A plaintiff satisfies these requirements by filing timely charges of employment discrimination with the EEOC and timely acting on

7

an EEOC Notice of Right to Sue. *Id.* Pursuant to 42 U.S.C. § 2000e-5(f)(1), a charge with the EEOC is timely if filed within 180 days after the allegedly unlawful employment practice occurred. Section 2000-e5(f)(1) further requires that the plaintiff act on the notice of the right to sue, if at all, within 90 days after issuance. *See also* 29 C.F.R. § 1601.28(e). Although these procedural requirements are not jurisdictional, they should not be disregarded by courts "out of a vague sympathy for particular litigants." *Pucket*, 889 F.2d at 1481 (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curium)).

Hunter-Ford has failed to satisfy both prerequisites for suing under Title VII. First, there are no allegations or evidence she ever filed a complaint against the Local 228 with the EEOC. Since 180 days have passed since she was terminated (October 12, 2001 - the last date on which discriminatory conduct could have occurred), Hunter-Ford has missed her opportunity to file such a charge. Second, even had she filed a charge against the Local 228 with the EEOC, and obtained a notice of a right to sue, 90 days have passed since the point at which she would have received the notice. Accordingly, Hunter-Ford's lawsuit is barred for failure to exhaust administrative remedies. Hunter-Ford has presented no argument that she should be excused from meeting these prerequisites, and the Court independently finds no reason to excuse them.

To the extent Hunter-Ford claims the Local 228 was involved in Visteon's alleged discrimination against her on the basis of a disability,[1] her claim is barred. 42 U.S.C. § 12117(a) imports into the disability discrimination context the structural framework for sex

---

[1] On April 25, 2001, Hunter-Ford filed a charge against the Visteon with the EEOC. She claimed she was discriminated against on the basis of a physical disability, but did not elaborate on the basis for this claim. See Def. Visteon's Mot. to Dismiss, Ex. 1.

8

discrimination claims discussed above. Accordingly, to the extent Hunter-Ford makes a claim of discrimination on the basis of disability, it is barred because she never filed a charge against the Local 228, received a notice of the right to sue, or acted on such a notice within 90 days.

    3. <u>State Law Discrimination Claims</u>

Assuming Hunter-Ford claims she was discriminated against on the basis of sex in violation of the Michigan Elliot-Larsen Civil Rights Act ("ELCRA"), M.C.L. 37.2101-37.2804, or on the basis of disability in violation of the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), M.C.L. 37.1101-37.1607, her claims are also barred. *Garg v. Macomb County Cmty. Mental Health Servs.*, 472 Mich. 263, 283 (2005) held that a person must file a claim under ELCRA within three years of the date his/her cause of action accrues. *See also* M.C.L. 600.5805(10). *Sumner v. Goodyear Tire & Rubber Co.*, 427 Mich. 505 (1986) (overruled on other grounds), provided that a three-year limitations period applies to claims brought under PWDCRA.

Since more than three years have passed since the latest possible date on which Hunter-Ford's claims could have accrued (her termination date was October 12, 2001), her state law discrimination claims, to the extend she alleges any, are barred by the applicable three year statute of limitations.

    4. <u>State Common Law Claims</u>

Hunter-Ford vaguely alleges the Local 228 was negligent in failing to take proper measures to protect her from sexual harassment, and is also liable for failing to enforce a "Zero Tolerance" policy embodied in some unidentified contract. Local 228 argues these state common law claims are pre-empted by sec. 301 of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. § 185, should be treated as a "hybrid" § 301 breach of

contract/duty of fair representation claim, and are subject to the federal six month limitations period set forth in 29 U.S.C. 160(b). *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 154-55, 77 (1983).

The Court confronts a hybrid cause of action where the interrelationship between a union member, her union, and her employer is implicated. *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 561 (6th Cir. 1990). It is common for courts to construe inartfully drafted complaints as alleging a hybrid cause of action under section 301. *Garrish*, 133 F. Supp. 2d at 964 (citing cases). A section 301 hybrid claim has two elements: (1) that the employer violated the terms of a collective bargaining agreement; (2) the union breached its duty. Hunter-Ford's case is properly considered a hybrid section 301 claim because her claim is essentially that Visteon fired her in violation of the CBA and the Local 228 also breached its duty to fairly represent her when it allegedly was involved in the actions of Visteon.

Section 301 governs lawsuits filed by and against labor organizations and may preempt state-law claims arising from a breach of the collective bargaining agreement. *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329 (6th Cir. 1989) (the Supreme Court has made clear that § 301 of the LMRA preempts any state-law claim arising from a breach of a collective bargaining agreement). Section 301 *completely* preempts a state law claim when a decision on the state claim is inextricably intertwined with consideration of the terms of the labor contract, and when application of state law to a dispute requires interpretation of the CBA. *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 382 (6th Cir. 1991). If resolving the state law claim would require interpretation of the terms of the CBA, or the rights claimed to have been violated were created by the CBA, the claim is completely preempted. *Mattis v. Massman*, 355 F.3d 902, 906 (6th Cir. 2004). Here, Hunter-Ford's

10

common law claims relate to Visteon's alleged violations of the CBA and Local 228's failure to protest the violations. Adjudicating them would require the Court to examine the terms of the CBA. They are therefore preempted by sec. 301.

29 U.S.C. § 160(b) provides a six-month statute of limitations on any claims brought against a union under section 301. Since Hunter-Ford filed her complaint more than six months after her cause of action under section 301 accrued, her hybrid section 301 claim is barred.

Even if the Court does not construe her state law claims as a hybrid section 301 claim, her claims are still preempted and barred by the federal six-month limitations period. The terms and conditions of Hunter-Ford's employment at Visteon were governed exclusively by the collective bargaining agreement between Visteon and Local 228. Therefore, any state breach of contract claim must result from breach of this agreement only. As stated above, sec. 301 governs lawsuits filed by and against labor organizations and preempts state-law claim arising from a breach of the CBA which requires interpretation of the CBA. *Smolarek*, 879 F.2d at 1329. Therefore, her claim is a section 301 claim and governed by the six-month limitations period. Since Hunter-Ford filed her complaint more than six months after her cause of action under § 301 accrued, her claim is barred.

Alternatively, if Hunter-Ford's purported claim of breach of contract is not preempted by section 301, it is still barred by the applicable state statute of limitations. In Michigan, a plaintiff has six years to bring a claim for breach of contract. M.C.L. 600.5807(8). The last day on which a claim for breach of some unidentified contract could have accrued was October 12, 2001, the date Hunter-Ford was terminated. She had to have filed an action against the Local 228 by October 12, 2007 for it to be timely. She did not, and so her contract claim is alternatively barred by the Michigan statute of limitations.

To the extent Hunter-Ford alleges the Local 228 was negligent in any way, and this claim is not part of a hybrid section 301 claim, her claim is also barred. Any duty the Local 228 owed Hunter-Ford with respect to the terms and conditions of her employment and the duty to fairly represent her arise out of the CBA. Accordingly, such claims are also preempted by section 301 under the analysis above, and subject to the six month limitations period.

Finally, if Hunter-Ford claims the Local 228 breached its duty of fair representation by not attempting to enforcing her contractual rights and not challenging Visteon's alleged acts or omissions, and the claim is not a hybrid sec. 301 claim, that duty is subsumed within the Local 228's statutory duty of fair representation. *See Vaca v. Sipes*, 386 U.S. 171, 177 (1967) (state law claims alleging union failed to properly represent employee after termination in fact allege a breach by the union of a duty grounded in federal statutes). The six month limitations period under 29 U.S.C. 160(b) applies to this claim as well. Since Hunter-Ford filed her claim well after the limitations period expired, the claim is barred.

## CONCLUSION AND ORDER

The Court has been generous in reading Hunter-Ford's complaint expansively, attempting to identify any possible causes of action implicitly alleged. Counsel for Local 228 has also attempted to identify and respond to any potentially valid claims and the Court recognizes and appreciates its effort. The Court has concluded that the allegations in the complaint, to the extent they identify valid causes of action against Local 228 fail to state a cause of action upon which relief may be granted. Each claim is barred either by the applicable limitations period or for failure to exhaust administrative remedies. Accordingly, the Court will grant with prejudice Local 228's Motion to Dismiss the Complaint as to Local 228.

**WHEREFORE**, it is hereby **ORDERED** that:

Defendant Local 228's Motion to Dismiss (docket no. 7) is **GRANTED**;

Plaintiff Hunter-Ford's Complaint as to Defendant Local 228 is **DISMISSED WITH PREJUDICE**;

The case is **ADMINISTRATIVELY CLOSED** pending a motion by any party to lift the stay granted Defendant Visteon by this Court on June 4, 2009.

**SO ORDERED.**

       s/Stephen J. Murphy, III
       STEPHEN J. MURPHY, III
       United States District Judge

Dated:  September 28, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 28, 2009, by electronic and/or ordinary mail.

       s/Alissa Greer
       Case Manager